UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kal-Mor-USA, LLC, | ) |
| Plaintiff, | ) Case No.: 2:13-cv-00682-GMN-PAL |
| vs. | ) |
| | ) ORDER |
| Bank of America, N.A.; and CTC Real Estate Services, | ) |
| Defendant. | ) |

Before the Court is the question of whether to stay this action pending certification of question to the Nevada Supreme Court. The Court conducted a hearing on February 28, 2014, and issued a bench ruling in the affirmative. Accordingly, this Order serves to memorialize the Court's bench ruling.

I.  **BACKGROUND**

The property at issue in this case is located at 3155 Casey Drive Unit #202, Las Vegas, Nevada 89120, APN #: 162-25-612-335, and is subject to the Notice of Annexation and Supplemental "Declaration" of Covenants, Conditions and Restrictions ("the Declaration") for the Canyon Willow Owners Association ("the Canyon Willow HOA"), recorded in June 1993, as Book and Instrument No. 19930624-0001681, and re-recorded in July 1993, as Book and Instrument No. 19930720-0001306. (*See* Compl., Ex. A to Notice of Removal, ECF No. 2-1; Foreclosure Deed Upon Sale, Ex. F to RJN, ECF No. 4-1.)

In 2004, Samantha E. Fusco bought the property with a mortgage loan from Countrywide Home Loans, Inc., secured by a Deed of Trust, recorded as Book and Instrument No. 20040915-0003695. (Ex. A to RJN, ECF No. 4-1.) Later, Ms. Fusco failed to pay the assessments due under the Declaration, and the Canyon Willow HOA recorded its lien for the

delinquent amounts. Specifically, on January 6, 2012, Red Rock Financial Services, as agent for the Canyon Willow HOA, recorded a Lien for Delinquent Assessment as Book and Instrument No. 20120106-0002968, and on March 1, 2012, recorded a Notice of Default and Election to Sell Pursuant to the Lien for Delinquent Assessments, as Book and Instrument No. 20120301-0001332. (Exs. B, C, to RJN, ECF No. 4-1.)

On March 5, 2012, an Assignment was recorded transferring the beneficial interest under the Deed of Trust to Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP. (Ex. D to RJN, ECF No. 4-1.)

On January 17, 2013, United Legal Services, Inc., as agent for the Canyon Willow HOA, recorded a Notice of Foreclosure Sale Under the Lien for Delinquent Assessments, Book and Instrument No. 20130117-0001087. (Ex. E to RJN, ECF No. 4-1.)

On February 2, 2013, United Legal Services, Inc., conducted a foreclosure sale under the delinquent assessment lien pursuant to Chapter 116 of Nevada Revised Statutes, purporting to transfer the property to First 100, LLC, upon a bid of $2,000.00; the Foreclosure Deed Upon Sale, Book and Instrument No. 20130204-0003510, was recorded on February 4, 2013. (Ex. F to RJN, ECF No. 4-1.) Weeks later, on February 26, 2013, First 100, LLC, filed a complaint in state court requesting declaratory relief and an order from the court quieting title in its name. (Ex. A to Notice of Removal, ECF No. 2-1.)

Shortly thereafter, Kal-Mor-USA, LLC, bought the property as evidenced by a Deed of Sale recorded March 4, 2013, Book and Instrument No. 20130304-0001209. (Ex. H to RJN, ECF No. 4-1.) Kal-Mor-USA, LLC, then filed a First Amended Complaint on April 4, 2013, naming as defendants Bank of America, N.A. ("Bank of America"), CTC Real Estate Services,

/ / /

/ / /

/ / /

1  and Citibank (West), FSB.[1] (Ex. F to Notice of Removal, ECF No. 2-1.)

2  On April 22, 2013, Bank of America removed the action to this Court (ECF No. 2) and
3  filed a Motion to Dismiss (ECF No. 3). The primary issue in dispute is whether Bank of
4  America's interest under the Deed of Trust was extinguished by the foreclosure sale conducted
5  pursuant to Chapter 116 of Nevada Revised Statutes. In its Request for Judicial Notice
6  ("RJN"), Bank of America provides copies of the following publicly recorded documents:

1. the Deed of Trust (Ex. A) naming Countrywide Bank, FSB, as beneficiary, and CTC Real Estate Services as Trustee;
2. the Lien for Delinquent Assessments (Ex. B) recorded by Red Rock Financial Services, as agent for the Canyon Willow HOA, on January 6, 2012;
3. the Notice of Default and Election to Sell Pursuant to the Lien for Delinquent Assessments (Ex. C) recorded by Red Rock Financial Services, as agent for the Canyon Willow HOA, on March 1, 2012;
4. the Assignment of Deed of Trust (Ex. D) dated March 1, 2012, transferring the beneficial interest to Bank of America;
5. the Notice of Foreclosure Sale Under the Lien for Delinquent Assessments (Ex. E) recorded by United Legal Services, Inc., as agent for the Canyon Willow HOA, on January 17, 2013;
6. the Foreclosure Deed Upon Sale (Ex. F) indicating a sale date of February 2, 2013, and purchase by First 100, LLC;
7. the Assignment of Deed of Trust (Ex. G) dated February 13, 2013, transferring the beneficial interest to U.S. Bank, National Association; and

---

[1] Although Bank of America apparently transferred the beneficial interest in the Deed of Trust to U.S. Bank, National Association, in an Assignment recorded February 14, 2013 (Ex. G to RJN, ECF No. 4-1), no party appears to allege that U.S. Bank is a necessary party to this action. Citibank (West), FSB was dismissed with prejudice by stipulation on June 4, 2013. (ECF No. 14.)

8. the Deed of Sale (Ex. H) recorded March 4, 2013, indicating sale and transfer of the property to Kal-Mor-USA, LLC.

(ECF No. 4.)

## II. LEGAL STANDARD

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.

Rule 5 of the Nevada Rules of Appellate Procedure, "Certification of Questions of Law," provides, in part:

> **(a) Power to Answer.** The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.
> **(b) Method of Invoking.** This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
> **(c) Contents of Certification Order.** A certification order shall set forth:
>   (1) The questions of law to be answered;
>   (2) A statement of all facts relevant to the questions certified;
>   (3) The nature of the controversy in which the questions arose;
>   (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
>   (5) The names and addresses of counsel for the appellant and respondent; and
>   (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. Appellate P. 5(a)-(c).

## III. DISCUSSION

Chapter 116 of Nevada Revised Statutes codifies Nevada's Uniform Common-Interest

Ownership Act, and, with some exceptions, applies to all common-interest communities created in Nevada, including associations of unit owners organized under a properly recorded declaration. Nev. Rev. Stat. §§ 116.001, -.1201, -.2101, -.3101.

"Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113. "The principles of law and equity, including . . . the law of real property, and the law relative to capacity to contract, principal and agent" supplement the provisions of this chapter except to the extent these principles are inconsistent with its provisions. Nev. Rev. Stat. § 116.1108.

Under section 116.3116, an association has a lien on a unit for assessments levied against that unit. Nev. Rev. Stat. § 116.3116(1). Such a lien is prior to all other liens and encumbrances, with certain exceptions. Nev. Rev. Stat. § 116.3116(2).

One exception to this priority rule is "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b). However, under the so-called "super-priority" provision, the lien is prior to this security interest "to the extent of" charges under § 116.310312[2] and assessments

---

[2] The current full text of this provision is the following:

> The lien is also prior to all security interests described in paragraph (b) to the extent of ***any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of*** the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien. If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien. This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.

Nev. Rev. Stat. § 116.3116(2) (emphasis added). The clause, "any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of," and the entirety of § 116.310312 were added by the Nevada Legislature in 2009. *See* Act of May 28, 2009, ch. 248, AB 361, 2009 Nev. Laws 1007.

for common expenses under § 116.3115 "which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien," unless federal regulations require a shorter period. Nev. Rev. Stat. § 116.3116(2).

Under section 116.31162, an association may foreclose its lien by sale under certain conditions. Nev. Rev. Stat. § 116.31162. In 2013, the Nevada Legislature added the following provision, effective October 1, 2013, which applies "only with respect to trust agreements for which a notice of default and election to sell is recorded on or after October 1, 2013":

> The association may not foreclose a lien by sale if:
> (a) The unit is owner-occupied housing encumbered by a deed of trust;
> (b) The beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee has recorded a notice of default and election to sell with respect to the unit pursuant to subsection 2 of NRS 107.080; and
> (c) The trustee of record has not recorded the certificate provided to the trustee pursuant to subparagraph (1) or (2) of paragraph (d) of subsection 2 of NRS 107.086.
> As used in this subsection, "owner-occupied housing" has the meaning ascribed to it in NRS 107.086.

Act of June 12, 2013, ch. 536, AB 273, 2013 Nev. Laws 3483 (current version at Nev. Rev. Stat. § 116.31162(6)).

Here, because Kal-Mor-USA, LLC, contends that Bank of America's interest was extinguished by the foreclosure sale, the question of law that may determine the outcome of this action is whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162. The Court finds that the Nevada Supreme Court has not directly addressed the question and there appears to be no controlling precedent in the decisions of the Nevada Supreme Court.

Accordingly, and as discussed at the hearing, the Court will certify the following question of law:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the following question of law is **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

*See* Nev. R. App. P. 5(c)(1).  The nature of the controversy and a statement of facts are discussed above.  *See* Nev. R. App. P. 5(c)(2)–(3).  Kal-Mor-USA, LLC, is designated as the Appellant, and Bank of America, N.A., is designated as the Respondent.  *See* Nev. R. App. P. 5(c)(4).  The names and addresses of counsel are as follows:

| **Kal-Mor-USA, LLC** | **Bank of America, N.A.** |
|---|---|
| Luis A. Ayon<br>Nevada Bar No. 9752<br>Email: laa@mgalaw.com | Abran E. Vigil<br>Nevada Bar No. 7548<br>Email: vigila@ballardspahr.com |
| Joseph A. Gutierrez<br>Nevada Bar No. 9046<br>Email: jag@mgalaw.com | Edward Chang<br>Nevada Bar No. 11783<br>Email: change@ballardspahr.com |
| Maier Gutierrez Ayon<br>2500 West Sahara Avenue<br>Suite 106<br>Las Vegas, NV 89102<br>702-629-7900<br>Fax: 702-629-7925 | Matthew David Lamb<br>Nevada Bar No. 12991<br>Email: lambm@ballardspahr.com<br><br>Ballard Spahr<br>100 City Parkway<br>Suite 1750<br>Las Vegas, NV 89106<br>702-471-7000<br>Fax: 702-471-7070 |

1 *See* Nev. R. App. P. 5(c)(5). Further elaboration upon the certified question is included in this
2 Order, the Notice of Removal (ECF No. 2), and the parties' briefing on the Motion to Dismiss
3 (ECF Nos. 3, 7, 11), including Bank of America's Request for Judicial Notice (ECF No. 4). *See*
4 Nev. R. App. P. 5(c)(6).

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED without prejudice**, with permission to re-file upon resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that, beginning June 1, 2014, and every three months thereafter, the parties shall submit a Joint Status Report, including a statement from Kal-Mor-USA, LLC, affirming that all taxes, fees and maintenance fees are current and up to date.

**DATED** this 17th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court